

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ADELAIDO GALEANA and ELEUTERIO CALIXTO,

               Plaintiffs,

     -against-

LEMONGRASS ON BROADWAY CORPORATION, d/b/a LEMON GRASS GRILL, and HANN LOW,

               Defendants.
------------------------------------- X

MEMORANDUM DECISION
AND ORDER
10 Civ. 7270 (GBD)(MHD)

GEORGE B. DANIELS, District Judge:

    Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.* and the New York State Labor Law ("NYLL") § 190 *et seq.*, which govern minimum employee compensation, as well as under Title 12 of New York's Compilation of Codes, Rules and Regulations (hereinafter N.Y. Comp. Codes R. & Regs.) §§ 142-2.4, 142-2.18 (2009), which governs spread-of-hours pay. Plaintiffs assert claims for 1) denial of statutory minimum wages and overtime payments and 2) denial of spread-of-hours pay against defendant Lemongrass on Broadway Corporation, which allegedly owned the Lemon Grass Grill where the plaintiffs worked, and Hann Low who allegedly has a controlling interest in the restaurant.

    On April 16, 2012, this Court granted Plaintiffs' motion for default judgment and referred the case to Magistrate Judge Dolinger for an inquest into damages. Magistrate Judge Dolinger recommended in a Report and Recommendation ("Report") that judgment be entered in favor of plaintiffs in the amount of $144,123.69 plus pre-judgment interest and $12,245 in attorneys' fees and extra costs. Magistrate Judge Dolinger further recommended that defendants be held jointly and severally liable for the full amount of the judgment, pre-judgment interest, and attorney's fees and costs.

1

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *28 U.S.C. § 636(b)(1)(C)*. When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See Fed. R. Civ. P. 72(b)*; *28 U.S.C. § 636(b)(1)(C)*. The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Dolinger advised the parties that, pursuant to 28 U.S.C. § 631(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (ECF 20.) Neither party objected to the Report. As there is no clear error on the face of the record, this Court adopts Magistrate Judge Dolinger's Report in its entirety.

Defendant Lemongrass on Broadway Corporation owned the Lemon Grass Grill, which was located at 2534 Broadway, New York, New York. (*See* Report at 5.) The individual defendant Hann Low controlled the corporate defendant and directly managed the operation of the restaurant, including the hiring and firing of staff as well as determinations as to compensation and other terms of employment. (*See* Report at 5-6.) Defendants were thus Plaintiffs' "employers" for purposes of the FLSA and NYLL. (*See* Report at 5.) Galeana worked for Defendants as a deliveryman from approximately August 1999 to April 2006 and for three weeks in July 2009. (*See* Report at 6.) Calixto

worked for defendants primarily as a deliveryman from approximately February 10, 2005 to November 17, 2007. (*See id.*)

Plaintiffs assert that they were required to work six or seven days per week and more than forty hours per week, but were not paid the appropriate minimum wage or overtime compensation. (*See* Report at 6.) Plaintiffs also allege that Defendants failed to post any notice in their restaurants or to provide any information advising the employees of their minimum-wage and overtime rights, as required by the FLSA and NYLL. (*See* Report at 7.) Although Plaintiffs earned tips from customers they served, Defendants never informed them that the tips would be included in their wages, never posted any notices regarding tip information, and made no accounting of the tips received, as required under the FLSA and NYLL. (*See id.*) Defendants also failed to pay plaintiffs additional spread-of-hours compensation for days on which they worked more than ten hours, as required by the NYLL. (*See* Report at 8.)

Following a defendant's default, the court must accept as true the well-pleaded allegations of the amended complaint that are pertinent to liability. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Magistrate Judge Dolinger correctly relied on the relevant factual allegations found in the complaint and the additional affidavits filed by plaintiffs. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Magistrate Judge Dolinger correctly determined that the factual allegations are "well-pleaded" by examining whether those factual allegations, if deemed true, establish liability. *Finkel*, 577 F.3d at 84. For purposes of relief, Magistrate Judge Dolinger correctly required damages to be established through pertinent evidence, such as affidavits or live testimony, ensuring "that there was a basis for the damages specified in the default judgment." *See Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111.

Magistrate Judge Dolinger correctly determined that Plaintiffs' tip income cannot be applied to satisfy defendants' obligation to pay the minimum wage because Defendants failed to provide the

3

requisite notice. Magistrate Judge Dolinger also correctly found that Defendants' violations were willful and that Plaintiffs may recover minimum wages and overtime going back three years under federal law (September 21, 2007) and six years under state law (September 21, 2004). Magistrate Judge Dolinger correctly found that Plaintiffs are entitled to unpaid spread-of-hours awards and liquidated damages equaling 25% of the total spread-of-hours compensation owed.

Magistrate Judge Dolinger correctly determined that Plaintiffs are entitled to liquidated damages at the state statutory rate of 25% on their minimum wage and overtime claims arising prior to September 21, 2007, and at the federal statutory rate of 100% on claims arising on or after September 21, 2007.

Given the evidence in the record, Magistrate Judge Dolinger correctly determined that default judgment should be entered against Defendants, jointly and severally, as follows: Galeana should be awarded $55,748.37 in damages and Calixto should be awarded $88,375.32 in damages, plus pre-judgment interest, and $12,245 in attorneys' fees as set forth in the Report.

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Judgment is entered in favor of plaintiffs in the amount of $144,123.69 plus pre-judgment interest, and $12,245 in attorneys' fees and costs.

Dated: New York, New York
April 4, 2014

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge

4